IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

RODNEY A. TUCKER, SR.,

     Plaintiff,

v.                                                                    Civil Action No. 3:23cv823

ALLAN NASH, *et al.*,

     Defendants.

## MEMORANDUM OPINION

Rodney A. Tucker, Sr., a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] The action is proceeding on Tucker's Particularized Complaint. (ECF No. 12.) The matter is before the Court on the Motion to Dismiss filed by the remaining Defendant, Lt. William Stembridge. (ECF No. 22.) The Court provided Tucker with appropriate *Roseboro* notice. (ECF No. 24.) Tucker has not responded. For the reasons set forth below, the Motion to Dismiss will be GRANTED, and Tucker's claims will be DISMISSED WITHOUT PREJUDICE.[2]

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

[2] The Court corrects the capitalization, punctuation, and spelling the quotations to Tucker's submissions.

## I. Motion to Dismiss Standard

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint;

importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the

applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir.

1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356

(1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded

allegations are taken as true and the complaint is viewed in the light most favorable to the

plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980

F.2d at 952. This principle applies only to factual allegations, however, and "a court considering

a motion to dismiss can choose to begin by identifying pleadings that, because they are no more

than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662,

679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the

claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41,

47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and

conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations

omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the

speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570,

rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In

2

order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the

plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I.*

*DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft*

*Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th

Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574

F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing

statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint.

*See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City*

*of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II.  Summary of Allegations and Claims

In his Particularized Complaint, Tucker states:[3]

> Defendants denied Plaintiff his right to a fair trial by denying his 4th
> Amendment right as governed by the U.S. Constitution, illegal search and seizure.
> If Plaintiff was not deprived of his right to illegal search and seizure Plaintiff would
> never have been tried in a court of law because evidence was obtained illegally by
> Officer Stembridge and prosecuted falsely by Allan Nash['s] office, which proves
> through transcripts of suppression hearing on October 20, 2023.
> Officer Stembridge went on private property with no warrant, no traffic stop
> and after arresting Plaintiff went outside and went in a vehicle that was not linked
> to a crime and went inside a car on private property which he never asked
> permission or had access to and searched vehicle which was a violation of
> Plaintiff's rights under the 4th Amendment . . . .
> Allan Nash's office was knowledgeable of the illegal ground of which the
> evidence was obtained . . . . Plaintiff was not in a traffic stop was not involved in
> anything that warranted a search of the vehicle being Plaintiff was inside of
> residence.  Vehicle was illegally towed creating the theory of the fruit of [the]
> poisonous tree theory, which is illegal under the 4th Amendment right to illegal
> search and seizure.

---

[3] By Memorandum Order entered on May 6, 2025, the Court dismissed all of Tucker's
claims against the other named Defendant, Allan Nash, on the grounds of prosecutorial
immunity. (ECF No. 13.)

(ECF No. 12, at 1–5 (paragraph numbers omitted).)  Tucker's Particularized Complaint and his theory or theories of recovery are hardly a model of clarity.  As best as the Court can discern, Tucker contends that he is entitled to relief on the following grounds:

Claim One    Defendant Stembridge violated Tucker's rights under the Fourth Amendment when he searched someone's car on someone's property without a warrant and obtained evidence that incriminated Tucker in a crime.[4]

Claim Two    Defendant Stembridge violated Tucker's rights under the Fourth Amendment when he had a car towed.

## III. Analysis

The Fourth Amendment "protects persons against unreasonable searches of 'their persons [and] houses' and thus . . . is a personal right that must be invoked by an individual." *Minnesota v. Carter*, 525 U.S. 83, 88 (1998) (alteration in original) ("[T]he Fourth Amendment protects people, not places." (citing *Katz v. United States*, 389 U.S. 347, 351 (1967))).  Thus, "in order to claim the protection of the Fourth Amendment, a defendant must demonstrate that he personally has an expectation of privacy in the place searched, and that his expectation is reasonable." *Id.* (quoting *Rakas v. Illinois*, 439 U.S. 128, 143-44 & n.2 (1978)).  Moreover, the expectation of privacy must have "a source outside of the Fourth Amendment, either by reference to concepts of real or personal property law to understandings that are recognized and permitted by society." *Id.*  The burden lies with Tucker to show that he has a reasonable expectation of privacy in the place searched. *United States v. Rusher*, 966 F.2d 868, 874 (4th Cir. 1992) (citation omitted). He fails to do so. Tucker fails to allege any facts that suggest he had a privacy interest in the car

---

[4] To the extent Tucker suggests Defendant Stembridge violated his constitutional rights by subjecting him to a malicious prosecution, he fails to adequately articulate such a claim. *Brunson v. Stein*, 116 F.4th 301, 307 (4th Cir. 2024) (alteration in original) (emphasizing that "[o]ne *element* that must be *alleged* and *proved* in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused." (quoting *Heck v. Humphrey*, 512 U.S. 477, 484 (1994))), *cert. denied*, 145 S. Ct. 1169 (2025)

that was searched or the property on which that car was located. Accordingly, Tucker's Fourth Amendment claims will be DISMISSED WITHOUT PREJUDICE.

### IV. Conclusion

The Motion to Dismiss (ECF No. 22) will be GRANTED. Tucker's claim will be DISMISSED WITHOUT PREJUDICE. Should Tucker wish to correct the deficiencies described above, he must file a proper amended complaint within thirty (30) days of the date of entry hereof. In the event Tucker fails submit a proper amended complaint within that period, the Court will dismiss Tucker's claims and the action with prejudice.

An appropriate Order will accompany this Memorandum Opinion.

Date: 10|16|2025
Richmond, Virginia

M. Hannah Lauck
United States District Judge